FILED

IN THE
UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 OCT 14  A 11: 13

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

YENNI PATRICIA NUNEZ FUENTES,

JAVIER ENRIQUE AYALA,

ALEJANDRO BARRIENTOS,

ELMER BARRIENTOS,

CARLOS MARIO GARCIA, (a.k.a. CARLOS DARIO GARCIA ORTIZ),

EDWIN ESCOBAR ZOMETA,

JUAN JOSE CACEROS CODOY,

ELVIA MARINA CACEROS,

JOSE ALEJANDRO LOPEZ GARCIA,

JESSICA ORDONEZ,

and

ED BRYAN WILSON,

on behalf of themselves and others similarly-situated,

Case No.: 1:15CV1337
AJT/IDD

                    Plaintiffs,

v.

PRESIDENTIAL DETAILING L.L.C.,

NEW LOOK AUTO APPEARANCE, LLC,

and

KEVIN ROHALMIN,

                    Defendants.

1

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, YENNI PATRICIA NUNEZ FUENTES (Nunez), JAVIER

ENRIQUE AYALA (Ayala), ALEJANDRO BARRIENTOS ( Barrientos), ELMER

BARRIENTOS (E. Barrientos), CARLOS MARIO GARCIA (Garcia), EDWIN ESCOBAR

ZOMETA (Escobar), JUAN JOSE CASEROS CODOY (Caseros), ELVIA MARINA

CACEROS (E. Caceros),  JOSE ALEJANDRO LOPEZ GARCIA (Lopez), JESSICA

ORDONEZ (Ordonez), ED BRYAN WILSON (Wilson), by counsel, on behalf of themselves

and all others similarly situated, and file this Collective Action Complaint against Defendants

PRESIDENTIAL DETAILING L.L.C., NEW LOOK AUTO APPEARANCE, LLC, and KEVIN

ROHALMIN.

### PRELIMINARY STATEMENT

1. Plaintiffs, who with the exception of Plaintiff Wilson are Spanish-speaking workers with
   little or no fluency in either spoken or written English, bring this action on behalf of
   themselves and a class of other similarly-situated employees (the "Plaintiff Class") to require
   Defendants to pay back wages owed to them and to the Plaintiff Class, which Defendants
   failed to pay in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29
   U.S.C. 201, et seq. ("FLSA"). The named Plaintiffs and the Plaintiff Class are collectively
   referred to herein as "Plaintiffs." Plaintiffs seek permanent injunctive relief and damages for
   themselves and all class members.

2. For varying periods from 2010 through the present, the named Plaintiffs were or have been
   employed by Defendants to wash, clean, and "detail" automobiles at several automobile
   dealerships in Northern Virginia and Maryland, and similarly-situated employees have been

2

employed by Defendants to perform these tasks for periods beginning on or before September 2012, through the present. Defendants employ between 100 and 150 employees to perform these manual tasks. Plaintiffs and other similarly-situated employees routinely worked more than 40 hours per week. Defendants failed to pay Plaintiffs and other similarly-situated employees an overtime premium of one and one-half times their regular rates of pay for their hours worked over 40 in any workweek.

3. During the three-year period preceding the institution of this case, Defendants made deductions from the wages of one or more of the named Plaintiffs and, on information and belief, the wages of members of the Plaintiff Class, for alleged damage to property. Such deductions were primarily for the benefit or convenience of the Defendants, may have reduced the affected Plaintiffs' pay below the minimum wage mandated by the FLSA, and violated Virginia Code § 40.1-29. C.

### JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this District, Defendants employed the named Plaintiffs and the Class Plaintiffs in this District, and most of the actions complained of were conducted within this District.

### PARTIES

6. Plaintiffs Nunez, Ayala, Barrientos, E. Barrientos, Garcia, Escobar, Caceros, E. Caceros, Lopez, Ordonez, Wilson, (hereinafter "named Plaintiffs") are former or current non-exempt

3

employees of Defendants who earned, but did not receive, compensation for time worked, together with time and one-half pay for time spent over 40 hours per week from Defendants.

7. The class of similarly-situated employees (hereinafter "Class Plaintiffs") are or were non-exempt employees of Defendants who earned, but did not receive compensation for time worked and time and one-half pay for time spent over 40 hours per week from Defendants.

8. The named Plaintiffs and the Plaintiff Class at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. §203 (e).

9. The work of the named Plaintiffs and the Plaintiff Class regularly involves them in commerce between States ("interstate commerce"). In particular, some of the named Plaintiffs and members of the Plaintiff Class have travelled from Virginia to Maryland to perform work for Defendants at one or more Maryland automobile dealership. The FLSA covers individual workers, like the named Plaintiffs and the members of the Plaintiff Class, who are "engaged in commerce or in the production of goods for commerce."

10. The Defendant Presidential Detailing L.L.C. ("Presidential Detailing"), is a limited liability corporation formed and existing under the laws of the Commonwealth of Virginia and at all times during Plaintiffs' employment, Defendant Presidential Detailing was an employer as defined by 29 U.S.C. §203 (d).[1]

11. At all times relevant, Defendant Presidential Detailing has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

---

[1] **(d)** "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency....

12. The Defendant New Look Auto Appearance, LLC ("New Look"), is a limited liability corporation formed and existing under the laws of the Commonwealth of Virginia and at all times during Plaintiffs' employment, Defendant New Look was an employer as defined by 29 U.S.C. §203 (d).

13. At all times relevant, Defendant New Look has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

14. The Defendant Kevin Rohalmin ("Rohalmin") at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Rohalmin is the owner and Chief Executive Officer of Defendants Presidential Detailing and New Look, appears on a frequent, almost daily basis at worksites where Plaintiffs and other similarly-situated employees are working, controls significant aspects of those Plaintiffs' operations, including the hiring and firing of employees. As part of his day-to-day operation and control of the enterprise comprising Defendants, Defendant Rohalmin signed employment agreements with some or all of the named Plaintiffs and Class Plaintiffs in his capacities as CEO of both Defendants New Look and Presidential Detailing. In particular, on October 5, 2015 Defendant Rohalmin provided Plaintiff Caceros with a "Layoff Notice" signed by him, a copy of which is attached hereto as Exhibit "A."

15. In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiffs and other similarly-situated employees as independent contractors, Defendant Rohalmin was motivated by his desire to avoid paying an overtime premium to Plaintiffs and other similarly-situated employees as required by the FLSA.

16. At all times relevant, Defendant Rohalmin has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

17. Based on information and belief, at all relevant times Defendants' annual gross sales volume as defined by the FLSA have been in excess of $500,000 per year.

18. At all times relevant, Defendants were an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

## CLASS ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and an opt-in class of all persons who were or are hourly non-exempt car wash and "detailing" employees and who earned, but did not receive, compensation for time worked, including but not limited to overtime pay from Defendants.

   a) The size of the class is so numerous (over 100 persons) that joinder of the individual members would be impracticable.

   b) The named Plaintiffs are adequate class representatives because they are directly impacted by Defendants' actions. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorney representing the class is experienced in representing clients in federal litigation.

   c) Common questions of law and fact are involved, including questions posed by Plaintiffs' allegations that Defendants failed to pay in violation of § 7 of the FLSA

6

present and former non-exempt employees of Defendants who earned, but did not receive, overtime pay from Defendant.

d) Claims of the named Plaintiffs are typical of the claims of the class because all class members and the named Plaintiffs are affected by Defendants' conduct.

e) Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

f) Common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

g) The named Plaintiffs are similarly situated to the class members in terms of job responsibilities, title, and employment dates as they were or are all car wash employees who provided car wash and "detailing" services to the Defendants, and who were denied compensation for all the time that they worked and time and one-half overtime wages by Defendants.

## FACTS

20. Defendants hired the named Plaintiffs and the members of the Plaintiff Class.

21. Plaintiffs and the members of the Plaintiff Class provide or have provided car wash and automobile "detailing" services at various automobile dealerships in Virginia and Maryland on behalf of Defendants, including but not limited to Bill Page Honda, Springfield Toyoda, Farrish Chrysler Jeep Dodge, Ted Britt Ford, Mazda, Kia, Nissan, Harley Davidson, Audi, Maximo BMW, and VW.

22. The named Plaintiffs regularly worked more than forty hours in almost every week they worked during their employment by Defendants. In particular, Plaintiff Nunez consistently worked between 55 and 65 hours per week, Plaintiff Ayala consistently worked between 80 and 90 hours per week, Plaintiff Barrientos consistently worked approximately 87 hours per week, Plaintiff E. Barrientos consistently worked 115 hours per week, Plaintiff Garcia consistently worked more than 84 hours per week, Plaintiff Escobar consistently worked 60 per week, and Plaintiff Caceros consistently works approximately 80 hours per week, Plaintiff E. Caceros worked 59 hour per week, Plaintiff Lopez works 66 hours per week, and Plaintiff Ordonez works 60 hours per week. None of these Plaintiffs received any premium pay for their hours worked over 40 in any workweek.

23. The Plaintiff Class members also regularly worked more than forty (40) hours in one or more weeks during the relevant time period of the case and during their employment by Defendants.

24. Defendants paid the named Plaintiffs and Class Plaintiffs a fixed sum ranging in amount from approximately $1,050 to $1,650 (subject to deduction for partial day absences) two times a month, usually on the 10th and 25th of each month, but failed to pay any overtime premium for hours worked over 40 in any workweek.

25. Defendants failed to maintain time records for all of Plaintiffs' hours worked[2].

---

[2] § 211**(c) Records**
Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, **keep, and preserve** such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in section 207 (p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

26. Defendants improperly designated the named Plaintiffs and Class Plaintiffs as independent contractors for tax purposes, but exercised a degree of control over them and their work such that they are clearly employees under any applicable legal standard. For example, Defendants set the hours worked by the Plaintiffs, closely supervised their work, instructed them how to perform their work, made deductions from the wages of the Plaintiffs based on alleged damage to property occurring during their work, hired, fired, and disciplined the Plaintiffs, and provided Plaintiffs with all of their work tools and equipment. Defendants frequently provided transportation for Plaintiffs to and from work sites, and Plaintiffs were economically dependent on Defendants.

27. During the three-year period preceding the institution of this case, Defendants made deductions from the wages of one or more of the named Plaintiffs and, on information and belief, the wages of members of the Plaintiff Class, for alleged damage to property. Such deductions were primarily for the benefit or convenience of the Defendants and violated Virginia Code § 40.1-29. C.

28. In particular, Defendants made unauthorized deductions from the wages of one or more of the named Plaintiffs for alleged damage to automobiles they were washing and "detailing." On information and belief, Defendants made these deductions as part of a pattern or practice of such deductions that may have caused members of the Plaintiff Class to receive less that the minimum wage in certain work weeks.

29. Defendants required the named Plaintiffs and Class Plaintiffs to pay for their work clothes, including shirts costing approximately $20, sweaters costing approximately $40, and jackets costing approximately $85.

9

30. In or around April, 2014, a representative of Defendant New Look appeared at the various worksites where some or all of the named Plaintiffs and Class Plaintiffs were working and presented them with a document written in English titled "Confidentiality, Non-Compete, Non-Solicitation, and Arbitration Agreement ("Arbitration Agreement")," a copy of which is attached hereto as Exhibit "B." Defendant New Look told these Plaintiffs that they would not receive their paycheck for work already performed unless and until they endorsed this Arbitration Agreement. Some or all of the named Plaintiffs and Class Plaintiffs, who have little or no proficiency in either written or spoken English and who could not understand the terms of the Arbitration Agreement, endorsed that document under the coercion of not receiving pay for their previous 15 days of work unless they did so. The terms of the Arbitration Agreement were not explained to any of the Plaintiffs in either Spanish or English. The terms of the Arbitration Agreement define "parties" as the signing employee and Defendant New Look only and do not include any other Defendant as a party. The arbitration provisions of the Arbitration Agreement are unconscionable under Virginia common law and the Federal Arbitration Act, 9 U.S.C. § 4, and are therefore unenforceable.

31. If required to arbitrate their claims, each Plaintiff would be likely to incur a filing fee of $500 and an arbitrator's fee of $875 per day, totaling many thousands of dollars per Plaintiff.

32. Plaintiffs, car wash employees whose wages are or were approximately $8 to $10 per hour, are unable to pay the likely costs of arbitration.

33. The Arbitration Agreement is unenforceable because the costs of arbitration effectively preclude Plaintiffs from vindicating their federal statutory rights under the FLSA.

## PAYMENT FOR ALL TIME WORKING

34. For the reasons stated herein, some or all of the Plaintiffs were not paid for all the time that they worked discharging their work-related duties.

## OVERTIME COMPENSATION

35. Defendants routinely and consistently required the named Plaintiffs and Class Plaintiffs to work over forty hours per week.

36. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

37. Despite working overtime, the named Plaintiffs and Class Plaintiffs were not paid time and one-half pay from Defendants for overtime worked.

## WILLFUL VIOLATIONS

38. On information and belief, Defendants have for more than three years, willingly, deliberately and intentionally refused to pay the Class Plaintiffs for time and one-half pay for overtime worked, and since on or after October 13, 2012, have willingly, deliberately, and intentionally refused to pay the named Plaintiffs for time and one-half pay for overtime worked.

39. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, post the FLSA laws in an area alerting the named Plaintiffs and Class Plaintiffs of their rights to payment for time worked and to overtime pay under the FLSA.

40. Consequently, the named Plaintiffs and Class Plaintiffs were, until very recently, never aware that the FLSA provided for compensation for time actually worked rather than an arbitrary determination and for time and one-half pay for overtime worked or that they were owed compensation for actual time worked and time and one-half pay for overtime worked.

41. Defendants led the named Plaintiffs and the Class Plaintiffs to believe that their regular pay was paid in conformity with the FLSA.

42. Defendants knew or should have known that the named Plaintiffs and the Class Plaintiffs were entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA, during all relevant times.

43. Defendants willfully, deliberately and intentionally failed to pay the named Plaintiffs and Class Plaintiffs for time actually worked and for time and one-half overtime wages for their hours worked over forty in any workweek.

44. Defendants have never claimed that the FLSA laws do not apply to the named Plaintiffs or Class Plaintiffs, or that these Plaintiffs are subject to any exemption from these requirements.

45. The named Plaintiffs and Class Plaintiffs are, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

## CAUSE OF ACTION

### (Fair Labor Standards Act)

46. The foregoing paragraphs are included herein as though fully set forth herein.

47. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce.

48. At all relevant times, Defendants were and are employers within the meaning of the FLSA and are subject to the provisions of the FLSA.

49. The named Plaintiffs and Class Plaintiffs at all relevant times were employees of Defendants, as defined by the FLSA.

50. During the period of time that the named Plaintiffs and the Class Plaintiffs were employed by Defendants, the named Plaintiffs and Class Plaintiffs performed work for which they were not compensated and, in addition, performed regular, scheduled overtime work for which no additional compensation was paid to them by Defendants in violation of the provisions of the FLSA. More specifically, Defendants violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including the named Plaintiffs and the members of the Plaintiff Class who earned overtime pay.

51. Upon information and belief, the Defendants' pay system was unilaterally imposed upon the named Plaintiffs and the Class Plaintiffs.

52. The Defendants' failure to compensate the named Plaintiffs and Class Plaintiffs for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

53. The Defendants' failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

54. The Defendants' failure to compensate the named Plaintiffs and Class Plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

13

55. As a result of the Defendants' willful and knowing failure to properly compensate the named
Plaintiffs and Class Plaintiffs, those Plaintiffs have suffered substantial delays in receipt of
wages owed and damages.

56. The Defendants' failure to properly administer a compensation scheme for overtime was a
willful and knowing violation of the FLSA.

57. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe the named Plaintiffs and Class
Plaintiffs compensation for their overtime work, an additional equal amount as liquidated
damages, together with an additional sum for attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiffs and Class Plaintiffs seek judgment against Defendants as
follows:

1. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b);

2. That the Court declare the rights and duties of the parties consistent with the relief sought
   by Plaintiffs;

3. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures
   complained of herein violated provisions of the Fair Labor Standards Act;

4. That Defendants be enjoined from further violations of the Fair Labor Standards Act;

5. That the named Plaintiffs and Class Plaintiffs recover unpaid straight and overtime
   wages together with an equal amount of liquidated damages as provided under the law
   and in 29 U.S.C. § 216(b). That Plaintiffs recover their unpaid minimum wages for the
   periods they performed work for Defendants and were not paid at all as described herein.

6.  That the named Plaintiff and the Class Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses;

7.  Order the Defendants to make whole the named Plaintiffs and Class Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

8.  Plaintiffs further pray for such additional relief as the interests of justice may require.

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

> YENI NUNEZ FUENTES, JAVIER AYALA, ALEJANDRO BARRIENTOS, ELEMR BARRIENTOS, CARLOS MARIO GARCIA, EDWIN ESCOBAR, JUAN JOSE CACEROS CODOY, ELVIA MARINA CACEROS, JOSE ALEJANDRO LOPEZ, JESSICA ORDONEZ, and ED BRYAN WILSON, on behalf of themselves and all others similarly situated,
>
> By Counsel

By: _____

THOMAS F. HENNESSY (VSB No. 32850)
*Counsel for Plaintiffs*
4015 Chain Bridge Road
Suite 6
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
th@virginiawage.com.